STATE OF WEST VIRGINIA

*In re* **H.H.**

**No. 20-0061** (Tyler County 19-JA-11)

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.H., by counsel Brett M. Ferro, appeals the Circuit Court of Tyler County's January 6, 2020, order terminating his parental rights to H.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, David C. White, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in requiring him to file a motion to cross-examine the child.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2019, the DHHR filed an abuse and neglect petition based on allegations of sexual abuse.[3] According to the petition, the child, then seven years old, disclosed to a teacher at her school in January of 2019 that her "private area was sticky" and hurt. The child also disclosed to a school nurse that she overheard petitioner threaten to shoot the child's mother and then shoot himself. The petition further alleged that in February of 2019, the child disclosed to a sheriff's

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner does not raise an assignment of error regarding the termination of his parental rights.

[3]The child's mother was listed as a co-petitioner below.

deputy that her stomach hurt "like [she was] going to be pregnant" and that the child was extremely emotional about school being dismissed early and the fact that only petitioner would be home with her that day. Over the next several months, personnel at the child's school noticed a decline in her grades. Additionally, the child acted out in a sexual manner, including putting her hands down her pants and "digging and/or scratching," showing her vaginal area to another student on the bus, and putting a rock inside of her vagina. Ultimately, the petition alleged that the child underwent a forensic interview at a Child Advocacy Center, during which she disclosed that petitioner touched her vagina and "touched [her] privates with his privates." According to the petition, the child's disclosures were specific, as the child indicated that petitioner's touching hurt and that it occurred in his bedroom while her mother was at work. Based upon the child's statements, petitioner was charged with one count of sexual abuse by a guardian, one count of first-degree sexual assault, and one count of incest.

In September of 2019, the circuit court held an adjudicatory hearing, during which the DHHR presented testimony from several witnesses, including the teacher and sheriff's deputy to whom the child made disclosures. The individual who conducted the child's forensic interview also testified. During the hearing, the circuit court conducted an in camera interview with the child and the child's guardian ad litem. Following the in camera interview, petitioner moved to cross-examine the child, at which point the circuit court directed petitioner's counsel to file a motion in this regard. According to the record, petitioner never filed such motion or otherwise provided the circuit court with any questions or topics about which he wanted to have the circuit court question the child. The adjudicatory hearing was then continued to October of 2019, at which point the circuit court found that petitioner sexually abused the child.

In December of 2019, the circuit court held a dispositional hearing. The DHHR presented testimony that petitioner was incarcerated throughout the proceedings. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because of his sexual abuse of the child. The court further found that termination of petitioner's parental rights was necessary for the child's welfare. As such, the circuit court terminated petitioner's parental rights to the child.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However,

---

[4]The child's mother is currently participating in an improvement period. The permanency plan for the child is to be reunified with the mother upon a successful completion of the improvement period.

a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises only one assignment of error. According to petitioner, the circuit court "violated [his] right to have his counsel cross-examine the minor child." We find, however, that petitioner's argument is legally flawed and entitles him to no relief. Petitioner is correct that West Virginia Code § 49-4-601(h) entitles him to "a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." What he fails to recognize, however, is that this right is not absolute in regard to the cross-examination of a child.

Specifically, the taking of a minor child's testimony is governed by Rule 8(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, which provides as follows:

> The court may conduct in camera interviews of a minor child, outside the presence of the parent(s). The parties' attorneys shall be allowed to attend such interviews, except when the court determines that the presence of attorneys will be especially intimidating to the child witness. When attorneys are not allowed to be present for in camera interviews of a child, the court shall, unless otherwise agreed by the parties, have the interview electronically or stenographically recorded and make the recording available to the attorneys before the evidentiary hearing resumes. Under exceptional circumstances, the court may elect not to make the recording available to the attorneys but must place the basis for a finding of exceptional circumstances on the record. Under these exceptional circumstances, the recording only will be available for review by the Supreme Court of Appeals. When attorneys are present for an in camera interview of a child, the court may, before the interview, require the attorneys to submit questions for the court to ask the child witness rather than allow the attorneys to question the child directly, and the court may require the attorney to sit in an unobtrusive manner during the in camera interview. *Whether or not the parties' attorneys are permitted to attend the in camera interview, they may submit interview questions and/or topics for consideration by the court.*

(Emphasis added). What petitioner fails to recognize is that the circuit court fully complied with Rule 8, in that it was permitted to exclude the parties' attorneys from the interview.[5] Further, as the rule requires when the parties' attorneys are excluded, the circuit court made the transcript of the interview available for the parties after the fact. In these respects, petitioner cannot establish error.

---

[5]According to the record, the only attorney permitted to attend the in camera interview was the child's guardian ad litem.

In regard to petitioner's assertion that it was error to require him to file a motion to cross-examine the child, petitioner ignores the fact that this occurred after the circuit court conducted the in camera interview, by which time petitioner had already waived his right to submit questions and topics for the circuit court's consideration during the interview. Crucially, petitioner did not object to the circuit court's in camera interview or otherwise raise any issue with this procedure prior to it being conducted. Petitioner additionally failed to present to the court any questions or topics for its consideration prior to the interview. Indeed, the record is clear that petitioner remained silent when the circuit court informed the parties that the interview would be conducted and it was not until after the interview was concluded that petitioner requested to cross-examine the child. Simply put, Rule 8 requires parties to submit questions and topics prior to the court conducting the in camera interview and the rule does not direct a circuit court to hold a second interview after the parties submit their questions or topics for consideration. Ignoring the fact that petitioner had no right to conduct a cross-examination of the child, it is clear that he waived his right to submit questions or topics for the court's consideration by waiting until after the interview was conducted to address the issue. As such, he is entitled to no relief in this regard.

On appeal, petitioner argues that the circuit court's requirement that he file a motion to cross-examine the child was itself erroneous, but we find that this does not entitle him to relief. Although it is true that Rule 8 does not require the filing of a motion, the fact remains that petitioner never filed such motion, thereby depriving him of the possibility of relief on appeal. As this Court has discussed in the context of plain error, "[w]aiver, the Supreme Court emphasized, is the "'intentional relinquishment or abandonment of a known right.'" *State v. Miller*, 194 W. Va. 3, 18, 459 S.E.2d 114, 129 (1995) (citations omitted). Although not a right established by Rule 8, the circuit court clearly granted petitioner the right to file a motion to cross-examine the child so it could consider whether the same was appropriate. Petitioner then abandoned that right by failing to take any action in regard to the motion. As this Court has explained, "when there has been such a knowing waiver, there is no error and the inquiry as to the effect of the deviation from a rule of law need not be determined." *Id.* (citation omitted). As such, petitioner has waived the right to challenge any issue in regard to the child's in camera interview and has further waived the right to assert that he was not permitted to cross-examine the child because he abandoned the issue below, thus depriving the circuit court of an opportunity to rule on the issue. Accordingly, he is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 6, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4